S02Y0142. IN THE MATTER OF CHRISTOPHER DAVID ADAMS.
(559 SE2d 459)

PER CURIAM.

The State Bar filed a Notice of Discipline against Respondent Christopher David Adams alleging violations of Standards 25 (lawyer shall not practice law in jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction), 44 (wilful abandonment or disregard of a legal matter to the client's detriment), and 45 (f) (lawyer shall not institute, cause to be instituted or settle a legal proceeding or claim without obtaining proper authorization from his client), and Georgia Rules of Professional Conduct 1.2 (a) (lawyer shall abide by client's decision whether to accept an offer of settlement), 1.3 (lawyer shall act with reasonable diligence and promptness in representing client), 1.15 (I) (lawyer shall hold prop-

erty of clients separate from lawyer's own property and shall promptly notify client upon receiving funds or property in which client has an interest) and (II) (lawyer shall hold all client funds and funds held in a fiduciary capacity in an interest bearing trust account), 1.16 (lawyer shall not represent a client or shall withdraw from the representation of a client if the representation will result in violation of the Georgia Rules of Professional Conduct or other law), 5.5 (a) (lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction), 8.4 (a) (lawyer shall not violate or attempt to violate the Georgia Rules of Professional Conduct or engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation), and 9.3 (during investigation of a grievance, lawyer complained against shall respond to disciplinary authorities in accordance with State Bar Rules) of Bar Rule 4-102 (d). Adams was personally served with the Notice which encompassed State Disciplinary Board Docket Nos. 4240, 4241, 4242 and 4243, on November 19, 2001, but failed to file a Notice of Rejection within 30 days as provided in Bar Rule 4-208.3 (a). Accordingly, Adams is in default, has no right to an evidentiary hearing and is subject to discipline by this Court. Bar Rule 4-208.1. The Investigative Panel and State Bar recommend that Adams be disbarred as an appropriate sanction for his violations of the disciplinary standards and rules of professional conduct. We agree.

As set forth in SDB Docket No. 4240, Adams instituted a lawsuit in the United States District Court for the Northern District of Georgia on behalf of a client without the client's authorization, settled the lawsuit without authorization, received the settlement check for $1,200 made payable to himself and the client and forged the client's endorsement, keeping and converting all the settlement funds to his own use. Adams concealed the fact of the settlement from the client and did not share the proceeds nor make any accounting to the client of the settlement funds.

According to SDB Docket No. 4241, Adams instituted a lawsuit in the United States District Court for the Northern District of Georgia on behalf of two other clients which he subsequently settled without their authorization for $5,200. After receiving the settlement check, Adams deposited it in his operating account and converted the funds to his own use while concealing the fact of the settlement from his clients. When the clients subsequently learned of the settlement and confronted Adams, he gave them each a check for $754.61 drawn on his operating account, but without accounting for or providing any explanation of the actual settlement funds and their portions. These checks were later dishonored by Adams' bank due to insufficient funds.

In SDB Docket No. 4242, Adams admits that despite being sus-

pended from the practice of law by this Court from March 2, 2000 until May 9, 2000, and again beginning February 14, 2001 until the present time, he engaged in the practice of law in various cases pending in the United States District Court for the Northern District of Georgia by preparing and filing various motions, answers to counterclaims, a certificate of interested parties, and a joint stipulation among other things.

Finally, as set forth in SDB Docket No. 4243, Adams represented plaintiffs in a number of civil actions filed in the United States District Court for the Northern District of Georgia while he was suspended. In some of these cases he appeared and filed pleadings, in some he failed to properly withdraw as plaintiffs' counsel, and in some he failed to properly prosecute the cases or comply with orders of the trial court with the result that the cases were dismissed.

Although Adams was personally served with a Notice of Investigation covering all four matters on August 31, 2001, he failed to answer it. The State Bar notes that the facts deemed admitted by Adams show a pattern of neglect, dishonesty, and a disregard of his duty to the disciplinary process and to the United States District Court. Further, Adams has been subject to prior discipline as evidenced by his current suspension from the practice of law since February 14, 2001, ordered by this Court in Case No. S01Y0586, and his previous interim suspension from March 2, 2000 through May 9, 2000 (Case No. S00Y0896).

We agree with the State Bar that disbarment is warranted as a result of Adams' violations of Disciplinary Standards 25, 44 and 45 (f) and Georgia Rules of Professional Conduct 1.2 (a), 1.3, 1.15 (I) and (II), 1.16, 5.5 (a), 8.4 (a) and 9.3 of Bar Rule 4-102 (d). Accordingly, Adams is hereby disbarred from the practice of law in the State of Georgia. Pursuant to Bar Rule 4-219 (c), Adams shall immediately cease the practice of law in Georgia and shall within 30 days notify all clients of his inability to represent them and of the necessity for promptly retaining new counsel, and shall take all actions necessary to protect the interests of his clients. Adams is further reminded of his duty to certify to this Court within 45 days of the entry of this order that he has satisfied the requirements of Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED FEBRUARY 4, 2002.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.